UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PAUL GERTZ,

        Plaintiff,

v.                                  CASE NO.  3:13-cv-1084-J-34JBT

COASTAL RECONSTRUCTION,
INC., etc.,

        Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the parties' Joint Renewed Motion for Court Approval of Settlement Agreement and Dismissal with Prejudice ("Renewed Motion") (Doc. 21).  The undersigned has reviewed the filings in this case and recommends that there is no need for a hearing.  For the reasons discussed herein, the undersigned recommends that the Renewed Motion be **GRANTED**, the Settlement Agreement ("Agreement") (Doc. 21-1) be **APPROVED**, and this action be **DISMISSED with prejudice**.

---

[1]   "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

## I.    Background

Plaintiff filed the instant action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.  (Doc. 1.)  Plaintiff sought to recover overtime compensation, liquidated damages, costs, and attorney's fees.  (*Id.* at 3.)  Plaintiff alleged that Defendant employed him as a field superintendent (*id.* at 1–2) and failed to pay him time-and-one-half wages for overtime hours he worked from "on or about July 2012 up to and including August 16, 2013." (*Id.* at 2.)  Defendant denied that Plaintiff was entitled to any of the damages or relief sought and asserted a number of affirmative defenses.  (Doc. 10.)

On June 30, 2014, the parties filed a Motion for Court Approval of Settlement Agreement ("Motion") (Doc. 17).  The Motion sought approval of an agreement containing a confidentiality provision.  (*See* Doc. 17.)  Further, the Motion lacked sufficient information regarding Plaintiff's attorney's fees and costs.  (*See id.*)  The undersigned denied the Motion without prejudice and permitted the parties to file a renewed motion for approval of a settlement agreement.  (*See* Doc. 18.)

On August 18, 2014, the parties filed the Renewed Motion.  The Renewed Motion and Agreement remedied the problems with the initial Motion and settlement agreement.  The parties removed the confidentiality provision from the terms of the Agreement (*see* Doc. 21-1) and provided records of attorney's fees and costs (Doc. 21-2).  The Agreement provides that Defendant will pay Plaintiff the total gross sum of $9,000.00, which represents: (1) $3,000.00, less

withholdings, for back wages; (2) $3,000.00 as liquidated damages; and (3) $3,000.00 to Plaintiff's counsel for attorney's fees and costs.  (Doc. 21-1 at 1–2.)

## II.   Standard

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights.  *Id.* at 1352.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation."  *Id.* at 1354.  In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no

3

conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).

In *Bonetti v. Embarq Management Company*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  Other courts in this district have indicated that when attorney's fees are negotiated separately from the payment to plaintiff(s), "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007); *McGinnis v. Taylor Morrison, Inc.*, Case No. 3:09-cv-01204-J-32MCR (M.D. Fla. Jan. 23, 2010).

When attorney's fees are not negotiated separately, however, "the reasonableness of the settlement cannot be approved on its face but must be

carefully scrutinized using the lodestar approach." *Cohen v. Goodyear Tire & Rubber Co.*, Case No. 6:09-cv-496-Orl-31DAB, 2009 WL 3790292, at *3 (M.D. Fla. Nov. 9, 2009).  "[A]ny amount above the lodestar is unreasonable unless supported by some special circumstance." *Id.* at *4.   Ultimately, there are two issues regarding fees: "that counsel is compensated adequately and that no conflict of interest taints the amount" to be received by the employee(s).  *Silva*, 307 F. App'x at 351.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  The court "may consider its own knowledge and experience concerning reasonable and proper fees." *Id.* at 1303.   In determining the reasonableness of the hourly rate, the court may also consider the

twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[2] *Loranger v. Stierheim*, 10 F.3d 776, 781 n.6 (11th Cir. 1994).

## III.    Analysis

### A.    Bona Fide Dispute

The parties represent that they disagree as to the merits of the claims asserted.  (Doc. 21 at 4.)  Defendant argues that Plaintiff is due no overtime at all, because as a construction project manager he was exempt from the overtime provisions of the FLSA.  (*Id.* at 1.)  *See* 29 C.F.R. § 541.102.  Plaintiff asserts that he was not a "bona fide executive, administrative, or professional employee" and thus was not exempt.  (Doc. 1 at 2–3.)  *See* 29 U.S.C. § 213(a)(1).  Defendant further contends that if there was any error in Plaintiff's classification as exempt, such error was made in good faith and on reasonable grounds, so Plaintiff is not entitled to liquidated damages.  (Doc. 21 at 4.)  Defendant also contends that the half-time calculation, instead of the time-and-one-half calculation, would be applied to determine any overtime compensation, because Plaintiff's salary was intended to compensate him for all hours worked.  (*Id.* citing 29 C.F.R. § 778.114.)   The

---

[2] The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Johnson*, 488 F.2d at 717–19.

undersigned recommends that there are legitimate issues in dispute, which have been adequately disclosed, that justify a compromise of Plaintiff's claim.

### B.   Reasonableness of Compromise

The parties represent that "the range of results span from zero to a full recovery." (*Id.*)   Plaintiff's Answers to the Court's Interrogatories indicate that Plaintiff was paid $59,800 annually or $28.75 per hour assuming a forty hour work-week.  (Doc. 8 at 2.)   Plaintiff reported working 480 overtime hours, so he sought the sum of $20,700 ($28.75 per hour x 480 hours x 1.5) in overtime compensation. (*See id.*)  If Defendant's assertion that Plaintiff is entitled only to half-time overtime compensation is correct, such recovery would be limited to $6,900 ($28.75 per hour x 480 hours x 0.5), "assuming *arguendo* it [Defendant] had violated the FLSA." (Doc. 21 at 4.)  In light of the dispute regarding whether Plaintiff is entitled to overtime compensation at all, and the other significant matters in dispute as noted above, the undersigned recommends that the settlement amount due to Plaintiff is "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores*, 679 F.2d at 1354.[3]

---

[3] It is noteworthy that Plaintiff is no longer employed by Defendant.  (Doc. 8 at 1.)

## C.     Attorney's Fees and Costs

Regarding fees and costs, the ultimate issues pursuant to *Silva* are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." 307 F. App'x at 351.  The parties state that they did not negotiate the recovery of attorney's fees and costs separately from the recovery to Plaintiff.  (Doc. 21 at 6.)  Therefore, the Court must scrutinize the reasonableness of the fee and cost recovery.  Counsel for Plaintiff incurred 26.7 hours of billable time and $400 in litigation costs.  (*Id.*, Doc. 21-2.)  Thus, Plaintiff's counsel is being compensated at a rate of only about $100 per hour. Therefore, there is no reason to conclude that a conflict of interest taints the amount to be recovered by Plaintiff.  Moreover, the undersigned recommends that although the rate of compensation is low, counsel is still being adequately compensated.  Thus, both aspects of the *Silva* attorney's fee inquiry are satisfied.

Therefore, it is respectfully **RECOMMENDED** that:

1.     The Renewed Motion (**Doc. 21**) be **GRANTED**.

2.     The Agreement (**Doc. 21-1**) be **APPROVED**.

3.     The case be **DISMISSED with prejudice**.

4.     The Clerk of Court be **DIRECTED** to close the case.

**DONE AND ENTERED** at Jacksonville, Florida, on September 10, 2014.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record